UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BROWN, | ) | CIVIL ACTION NO |
| | ) | 3:03CV00420(MRK) |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| REGIONAL SCHOOL DISTRICT 13, | ) | |
| WILLIAM D. BRECK, | ) | |
| SUSAN L. VICCARO and | ) | |
| ANN RICHARDSON, | ) | |
| Defendants | ) | DECEMBER 10, 2003 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

### COUNT ONE

1. The defendants deny paragraph #1.

2. The defendants have insufficient information with respect to the allegations contained in paragraph #2 and therefore leave the plaintiff to her proof.

3. The defendants admit paragraph #3.

4. The defendants admit paragraph #4.

5.  The defendants have insufficient information with respect to the allegations contained in paragraph #5 and therefore leave the plaintiff to her proof.

6.  The defendants deny paragraph #6.

7.  The defendants admit that the plaintiff was employed as a teacher in Regional School District No. 13 from August of 1999 through June of 2003. The defendants deny the remainder of the allegations contained in paragraph #7.

8.  The defendants deny paragraph #8.

9.  The defendants admit that defendant Breck by way of letter dated March 3, 2003 requested the plaintiff's attendance at a March 5, 2003 afternoon meeting in Breck's office for the purpose of discussing his recommendation to the Region 13 Board of Education that her contract of employment not be renewed for the ensuing school year and the options available to her. The defendants deny the remainder of the allegations contained in paragraph #9, in particular, the allegation that the defendants' conduct constitutes a "pattern of abuse."

- 2 -

10.  The defendants deny paragraph #10.

11.  The defendants deny paragraph #11.

12.  The defendants deny paragraph #12.

13.  The defendants deny paragraph #13.

## **COUNT TWO**

1-7.  The defendants incorporate their responses to paragraphs ##1 through 7 of Count One as their responses to paragraphs ##1 through 7 of Count Two as if more fully set forth herein.

8.  The defendants have insufficient information with respect to the allegations contained in paragraph #8 and therefore leave the plaintiff to her proof. Parenthetically, the defendants deny that the plaintiff was subject to disparate treatment.

9.  The defendants admit paragraph #9.

- 3 -

10.   The defendants deny paragraph #10.

11.   The defendants admit that Attorney Rosenblatt on behalf of the plaintiff sent a letter by fax that was addressed to defendant Viccaro requesting a copy of the plaintiff's entire personnel, allegedly pursuant to Connecticut General Statutes §31-128 et seq. Parenthetically, this statute does not apply to defendant Regional School District 13. The defendants deny the remainder of the allegations contained in paragraph #11, in particular, the allegation that the defendants' conduct was in retaliation for the plaintiff's alleged exercises of "First Amendment rights."

12.   The defendants admit that defendant Breck by way of letter dated March 3, 2003 requested the plaintiff's attendance at a March 5, 2003 afternoon meeting in Breck's office for the purpose of discussing his recommendation to the Region 13 Board of Education that her contract of employment not be renewed for the ensuing school year and the options available to her. The defendants deny the remainder of the allegations contained in paragraph #12, in particular, the allegation that the defendants' conduct was in retaliation for the plaintiff's alleged exercises of "First Amendment rights."

- 4 -

13. The defendants incorporate their response to paragraph #13 of Count One as their response to paragraphs #13 of Count Two as if more fully set forth herein.

14. The defendants deny paragraph #14.

## COUNT THREE

1-10. The defendants incorporate their responses to paragraphs ##1 through 10 of Count One as their responses to paragraphs ##1 through 10 of Count Three as if more fully set forth herein.

11. The defendants deny paragraph #11.

12. The defendants deny paragraph #12.

## COUNT FOUR

1-10. The defendants incorporate their responses to paragraphs ##1 through 10 of Count One as their responses to paragraphs ##1 through 10 of Count Four as if more fully set forth herein.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

11-12. The defendants incorporate their responses to paragraphs ##8 and 9 of Count Two as their responses to paragraphs ##11 and 12 of Count Four as if more fully set forth herein.

13. The defendants deny paragraph #13.

14. The defendants deny paragraph #14.

**RELIEF**

The defendants deny that the plaintiff is entitled to any of the relief that she seeks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (AS TO COUNTS ONE AND TWO)

During all times relevant to the complaint, defendants Breck, Viccaro and Richardson were duly appointed officials and/or employees of defendant Regional School District 13. As such, any alleged actions or conduct of defendants Breck, Viccaro and Richardson were taken within the scope of their duties on behalf of the District, were undertaken in the good faith performance of their official duties and/or did not violate any clearly established constitutional or

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

statutory duties of which defendants Breck, Viccaro and Richardson reasonably should have been aware; defendants Breck, Viccaro and Richardson are thus entitled to qualified immunity to all liability.

### SECOND AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

The plaintiff has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

The plaintiff's complaint in its entirety fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

Some if not all of the allegations of plaintiff's complaint are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE (AS TO COUNTS THREE AND FOUR)

This action is barred because the plaintiff failed to file a notice of intent to commence this action within six months after it accrued as required by Connecticut General Statutes §§7-101a and 7-465(a).

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

**SIXTH AFFIRMATIVE DEFENSE (AS TO COUNTS THREE AND FOUR)**

Any alleged action taken by any agent or employee of the defendant District was discretionary and was expressly and impliedly granted by law. Accordingly, any such claims are barred by the doctrines of governmental immunity and Connecticut General Statutes §52-557n(a) and (b)(5).

**SEVENTH AFFIRMATIVE DEFENSE (AS TO COUNT TWO)**

The plaintiff's allegations of violations of her right to free speech guaranteed by the First Amendment of the U. S. Constitution fail to state a claim upon which relief may be granted in light of 1) the existence of non-discriminatory/ non-retaliatory reasons for the defendants' actions, and 2) the lack of protection afforded by the U.S. Constitution to the plaintiff's alleged speech.

**EIGHTH AFFIRMATIVE DEFENSE (AS TO COUNT THREE)**

The plaintiff's allegations of intentional infliction of emotional distress fail to state a claim upon which relief may be granted in that the plaintiff has failed to allege extreme and outrageous conduct sufficient to establish liability.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

**NINETH AFFIRMATIVE DEFENSE (AS TO COUNT FOUR)**

The plaintiff's allegations of negligent infliction of emotional distress fail to state a claim upon which relief may be granted in that the plaintiff has failed to allege sufficiently unreasonable and/or "particularly egregious" conduct in conjunction with the termination process necessary to establish liability.

        DEFENDANTS – REGIONAL SCHOOL DISTRICT 13,
        WILLIAM D. BRECK, SUSAN L. VICCARO and
        ANN RICHARDSON

By _____
        Mark J. Sommaruga (ct09865)
        Sullivan, Schoen, Campane & Connon, LLC
        646 Prospect Avenue
        Hartford, CT 06105
        Telephone: (860) 233-2141
        Fax: (860)-233-0516
        e-mail: msommaruga@sscc-law.com

**C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing has been mailed via U. S. Mail, postage prepaid, to John R. Williams, Esq., Williams & Pattis, LLC, 51 Elm Street, New Haven, CT 06510, on this 10th day of December, 2003.

_____
Mark J. Sommaruga

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326