FILED

Jan 15    9 03 AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BROWN, | ) | CIVIL ACTION NO |
| | ) | 3:03CV00420(MRK) |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| REGIONAL SCHOOL DISTRICT 13, | ) | |
| WILLIAM D. BRECK, | ) | |
| SUSAN L. VICCARO and | ) | |
| ANN RICHARDSON, | ) | |
| Defendants | ) | JANUARY 14, 2004 |

## DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT

1.  The plaintiff, Susan Brown, was at all times relevant employed by the defendant, Regional School District 13 at its Strong Middle School as a non-tenured special education teacher. ***Complaint, ¶3.***

2.  Dr. William D. Breck was at all times relevant the District's Superintendent of Schools. ***Complaint, ¶4.*** Dr. Breck duly possesses administrative and supervisory certification from the State of Connecticut Department Education, being certified as a superintendent under Connecticut Agency Regulation §10-145d-582, and as an "intermediate administrator" under Connecticut Agency Regulation §10-145d-572. ***Affidavit of Breck, ¶3.***

3.	Susan L. Viccaro was at all times relevant the District's Director of Pupil Services. *Complaint, ¶4.* Viccaro duly possesses administrative and supervisory certification from the State of Connecticut Department Education, being certified as an "intermediate administrator" under Connecticut Agency Regulation §10-145d-572. ***Affidavit of Viccaro, ¶3.***

4.	Dr. Ann Richardson was at all times relevant the Principal at the District's Strong Middle School. *Complaint, ¶4.* Richardson duly possesses administrative and supervisory certification from the State of Connecticut Department Education, being certified as an "intermediate administrator" under Connecticut Agency Regulation §10-145d-572. ***Affidavit of Richardson, ¶3.***

5.	As required by Connecticut General Statutes §10-151b, the District has in place procedures for the evaluation of teachers. ***Affidavit of Breck, ¶5.***

   a.	A true and accurate copy of the evaluation plan is enclosed. ***Id., Attachment A.***

   b.	The "Induction Strand" governs non-tenured teachers. This strand provides for observations, evaluations and self-reflection. ***Id., p. 7.***

- 2 -

    c.    The evaluation plan further provides for a right of appeal for teachers. ***Id., p. 11.***

    d.    The plaintiff never exercised her right to appeal as set forth in the plan. ***Affidavit of Breck,¶5.d; Affidavit of Richardson, ¶5.d; Affidavit of Viccaro,¶5.d.***

6.    During the plaintiff's first year of employment in the District's schools (1999-2000), the plaintiff's primary evaluator and supervisor was Dr. Richardson. ***Affidavit of Richardson, ¶6; Affidavit of Viccaro,¶6.***

7.    Pursuant to the evaluation procedures, the plaintiff received a summative evaluation with regard to her performance during her first year in the District, a true and accurate copy of which is enclosed. ***Affidavit of Richardson, ¶7; Affidavit of Viccaro,¶7; Attachment B.***

8.    During the plaintiff's second year of employment in the District's schools (2000-2001), the plaintiff's primary evaluator and supervisor was Dr. Richardson. ***Affidavit of Richardson, ¶8; Affidavit of Viccaro,¶8.***

- 3 -

9. Pursuant to the evaluation procedures, the plaintiff received a summative evaluation with regard to her performance during her second year in the District, a true and accurate copy of which is enclosed. ***Affidavit of Richardson, ¶9; Affidavit of Viccaro, ¶9; Attachment C.***

    a. The plaintiff was given a copy of this evaluation at a meeting also attended by Viccaro and Richardson. ***Attachment C; Affidavit of Richardson, ¶9.a; Affidavit of Viccaro, ¶9.a.***

    b. As reflected in the enclosed evaluation, numerous performance related concerns that arose during her second year as a teacher in the District were noted. In particular, the plaintiff was informed that "developing supervisory skills for support staff, following directions in an expedient manner, maintaining a positive attitude, and working with a self-selected mentor" were "areas to be strengthened before the end of the next school year for her contract to be renewed." ***Attachment C; Affidavit of Richardson, ¶9.b; Affidavit of Viccaro, ¶9.b.***

    c. The summary further noted this year has been "both a successful year and a difficult year," that the plaintiff had difficulties in her performance vis-à-vis students with

- 4 -

difficulties with their behaviors, and that there had been "some difficult interpersonal situations." *Id.; Affidavit of Richardson, ¶9.c; Affidavit of Viccaro,¶9.c.*

    d.    The evaluation further indicated the following specific areas needed to be addressed by the plaintiff:

-Develop comprehensive plans by anticipating needs of the student to support he/she in both the academic and behavioral realms and in a timely manner
-Effectively and supportively supervise all aides assigned to you;
-Maintain personal, regular, and direct communication with the families of your assigned case load;
-Follow directions when given by the building principal as soon a possible;
-Relax about issues you have no control over;
-Smile and be friendly toward others in the building-be a team player with everyone at Strong School;
-As a newly hired member, help to build a positive community in the school;
-Select one member of the veteran special education staff to be your mentor.

*Id.; Affidavit of Richardson, ¶9.d; Affidavit of Viccaro,¶9.d.*

    e.    The observation both set forth a hope to improve these performance problems, with a warning that renewal of her contract would not be recommended if the plaintiff failed to improve her performance. *Id.; Affidavit of Richardson, ¶9.e; Affidavit of Viccaro,¶9.e.*

    f.    The plaintiff prepared a written response to the observation/evaluation report. *Id.*

- 5 -

10.  On or about August 24, 2001, Ms. Viccaro sent a memo to the plaintiff reminding of her failure to comply with the August 1st deadline for returning her teacher's contract, which was set forth in the collective bargaining agreement covering teachers and was necessary for the District to plan for the ensuing school year vis-à-vis its staffing needs. **Attachment D; Affidavit of Viccaro, ¶11.**

11.  During the plaintiff's third year of employment in the District's schools (2001-2002), the plaintiff's primary evaluator and supervisor was Ms. Viccaro, due to Viccaro's relevant experience in the area of special education. **Affidavit of Richardson, ¶10; Affidavit of Viccaro, ¶10.**

12.  Pursuant to the evaluation procedures, the plaintiff received a summative evaluation with regard to her performance during her third year in the District, a true and accurate copy of which is enclosed. **Attachment E; Affidavit of Richardson, ¶11; Affidavit of Viccaro, ¶12.**

   a.  As reflected in the enclosed evaluation, the plaintiff "had a difficult year on many fronts" and numerous performance related concerns were noted. Specifically, the evaluation

- 6 -

reflected that the plaintiff was involved in a breach of the mastery testing which was the result of poor/lack of communication with her colleagues and a failure in her role as the student's case manager; the plaintiff missed a department meeting; the plaintiff experienced difficulties with a colleague that required Vicarro's involvement in mediating the situation; the plaintiff had difficulties in managing the teacher assistants under her supervision; and a parent asked that the plaintiff be removed as the child's case manager, which had also happened in the previous year. Vicarro noted that she had concerns about the plaintiff's communications skills, her willingness to admit to weaknesses without anger and her willingness to improve her weaknesses, and her inability "to move on and not get stuck in events that occurred in the past." Special note was made of her need to improve her communications with supervisors, teacher assistants, colleagues and parents. Viccaro indicated that she would be meeting with the plaintiff monthly during the 2002-3 school year. *Id*.

      b.      The plaintiff prepared a written response to the observation/evaluation report. *Id*.

      13.      Neither Richardson nor Viccaro decided to recommend non-renewal of the plaintiff's employment at the end of her third year as a teacher due to a wish to allow the plaintiff another chance to progress and in light of the change of the primary evaluator (from Richardson to Viccaro). ***Affidavit of Richardson, ¶13; Affidavit of Viccaro, ¶13.***

- 7 -

14.     During the plaintiff's fourth year of employment in the District's schools (2002-2003), the plaintiff's primary evaluator and supervisor was Ms. Viccaro. ***Affidavit of Richardson, ¶14; Affidavit of Viccaro,¶14.***

15.     On or about September 18, 2002, Viccaro via a memo notified the plaintiff of her concern stemming from the plaintiff's absence at an important department meeting that concerned preparation for the ensuing State of Connecticut Department of Education special education program compliance review, and her lack of prior communication regarding this absence. ***Attachment F; Affidavit of Viccaro,¶15.***

16.     In response to this memo, and a previous memo with regard to a concern over the possible release of confidential communications, the plaintiff prepared a memo dated September 25, 2002. Instead of acknowledging any error, or seeking to improve her performance, the plaintiff indicated that she had been "constantly berated with a barrage of false accusations and twisted facts, badgered and demeaned, asked 'to own' things that [she ] did not do, and accept the responsibility for actions of others." The plaintiff claimed that all the difficulties that she had encountered have been "a total sham." The plaintiff further stated:

- 8 -

> It is becoming increasingly clear that perhaps that overall plan and objective here is not for me to have a successful year and evaluation; rather that the true intent is for me to have a repeat of last year, one in which I am continually singled out and hassled on the job, one wrought with constant false accusations and the willful infliction of continual, extreme and undue pressure and stress, and one that ends in contract non-renewal.

**Attachment G; Affidavit of Richardson, ¶12; Affidavit of Viccaro, ¶16.**

17.     On October 10, 2002, a meeting took placed between the plaintiff, Viccaro, Richardson and Candy Brickley, a representative from the plaintiff's union in order to address these above concerns raised by the plaintiff. Viccaro further prepared and forwarded a memo to the plaintiff summarizing the meeting. In particular, the memo noted the plaintiff's unwillingness to accept any constructive criticism, and the fact that the plaintiff had left her class alone in order to personally deliver memos concerning the plaintiff's employment situation. The memo noted that the plaintiff was being held to the same high standards that apply to all other teachers in the District, and that non-tenured teachers are scrutinized to make sure that their performance and actions are worthy of continued employment. At the end of the meeting, Ms. Brickley suggested that the plaintiff should cease with the memo responses, and instead comply with the monthly meeting requirement as set forth in the plaintiff's June 2002 evaluation.
**Attachment H; Affidavit of Richardson, ¶13; Affidavit of Viccaro, ¶17.**

- 9 -

LAW OFFICES  •  SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO. 62326

18. On November 12, 2002, Attorney Leon Rosenblatt wrote to defendant Viccaro. Rosenblatt indicated that he was writing on behalf of the plaintiff, and indicated that he was "monitoring the manner in which [the plaintiff] has been whipsawed between [Viccaro] and Ms. Richardson" and "harassed" and defamed for "reasons that have nothing to do with Ms. Brown's performance." Rosenblatt then "urged" Viccaro to "cease all negative activity towards Ms. Brown immediately and permanently, including creating a paper trail to 'justify' non renewal of her contract." ***Attachment I; Affidavit of Viccaro,¶18.***

19. In response to a previous memo with regard to a student allegedly striking a staff member, the plaintiff prepared a memo to defendant Richardson. In responding to concerns with regard to accepting self-criticism, the plaintiff accused the defendants of "continual attempts to turn every situation around into an opportunity to discredit me and undermine my working efforts," appeared to question the administration's right review the plaintiff's records, accused the defendants again of "whipsawing" her, claimed that the monthly meetings were a "setup," and indicated:

> You want me to characterize my unwillingness to accept this type of abusive and unfair treatment and an unwillingness to be supervised as one and the same. They are not. What I choose is no longer to accept this type of treatment, one that has been going on for the past several years.

- 10 -

*Affidavit of Richardson, ¶14; Affidavit of Viccaro,¶19. Attachment J.* See also January 17, 2003 response by Richardson (*Attachment K*).

20. On or about January 28, 2003, the plaintiff received a memo from Dr. Richardson with regard to several incidents of tardiness. *Attachment L; Affidavit of Richardson, ¶15.*

21. Pursuant to the evaluation procedures, the plaintiff received a report from Viccaro with regard to her observation of the plaintiff on January 29, 2003, a true and accurate copy of which is enclosed. *Attachment M; Affidavit of Viccaro,¶20.*

22. On or about February 27, 2003, the plaintiff received a further memo from Ms. Viccaro with regard to another incident of tardiness, and an unavailability of student records. *Attachment N; Affidavit of Richardson, ¶16; Affidavit of Viccaro,¶21.*

23. Under the Teacher Tenure Act, Connecticut General Statutes §10-151, the plaintiff would acquire tenure unless she was informed on or by April 1, 2003 of the non-renewal of her contract. The 2002-2003 school year was the plaintiff's fourth year of teaching in the District's schools. *Affidavit of Breck,¶12; Affidavit of Richardson, ¶17; Affidavit of Viccaro,¶22.*

- 11 -

24. Based upon the observations and evaluations, and their assessment of the plaintiff's performance, and lack of improvement therein, defendants Richardson and Viccaro recommended to defendant Breck that the plaintiff's employment as a teacher be non-renewed. *Affidavit of Breck,¶13; Affidavit of Richardson, ¶18; Affidavit of Viccaro,¶23.*

25. Richardson and Viccaro made their recommendations to Superintendent Breck. Dr. Breck is then empowered to recommend to the Board of Education to non-renew a non-tenured teacher. Breck had no role previously in the evaluation and observation of the plaintiff. However, based upon the recommendations of Viccaro and Richardson, his interview of Viccaro and Richardson with regard to the same, and his review of the plaintiff's evaluations and personnel file, Dr. Breck recommended to the Board of Education that it non-renew the employment of the plaintiff. *Id.; Affidavit of Breck,¶14.*

a. Specifically, Dr. Breck was concerned about the decline in the plaintiff's performance, her problems with communication, her inability to respond to suggestions and constructive criticism, and even a decline in classroom performance. In particular, Dr. Breck believed that there should be an upward improvement in the performance of a teacher as he or she approaches the acquisition of tenure, not a decline. *Affidavit of Breck, ¶14.a.*

- 12 -

      b.      Similarly, Dr. Breck recommended that the Board vote to non-renew the employment of other teachers besides the plaintiff. ***Affidavit of Breck, ¶14.b.***

      c.      Other non-tenured teachers' employment have had their employment non-renewed during the previous years that the plaintiff was teaching within the District. Specifically, acting upon recommendations, the Board of Education non-renewed 5 teachers in March 2001 and 3 teachers in March 2003. ***Affidavit of Breck ¶¶14.b, 16.a.***

26.      Dr. Breck met with the plaintiff on March 10, 2003 in order to inform her of his recommendation. Dr. Breck further notified the plaintiff of his recommendation by way of letter dated March 3, 2003. ***Affidavit of Breck, ¶15; Attachment O.***

      a.      The decision to recommend non-renewal of the plaintiff's employment was made before and independently of the receipt of a fax from Attorney Rosenblatt on the plaintiff's behalf, requesting a copy of the plaintiff's entire personnel file, allegedly pursuant to Connecticut General Statutes §31-128 et seq. ***Affidavit of Breck,¶15.a; Affidavit of Richardson, ¶20; Affidavit of Viccaro,¶24.a.***

- 13 -

27. On March 19, 2003, the Board met and voted to non-renew the plaintiff's employment following the completion of the school year. The plaintiff was advised of the decision by letter from Dr. Breck dated March 20, 2003. *Affidavit of Breck,¶16; Attachment P.*

    a. Similarly, the Board voted to non-renew the employment of other teachers besides the plaintiff. *Affidavit of Breck, ¶16.a.*

28. The plaintiff requested and received both a more specific statement of the reasons for such non-renewal, and a hearing before the Board of Education to challenge the non-renewal, both of which are provided under Connecticut General Statutes §10-151. *Affidavit of Breck,¶17; Attachment Q.*

29. The hearing before the Board of Education took place on May 21, May 21, and June 17, 2003. *Attachment R (transcript of hearing).* Breck, Vicarro, Richardson, and the plaintiff, among others, testified, at the hearing. *Id.; Affidavit of Breck,¶18; Affidavit of Richardson, ¶22; Affidavit of Viccaro,¶25; Deposition of plaintiff, p. 113.* After the close of hearing, the Board voted to affirm its earlier decision to non-renew the plaintiff's employment based upon its finding that the initial decision was not arbitrary or capricious. *Attachment S.*

- 14 -

26.     Pursuant to the Federal Rules of Civil Procedure, the defendants took the depositions of the plaintiff. [*See* attached excerpts of deposition].

27.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants moved to dismiss the plaintiff's complaint. As noted by this court at the November 20, 2003 status conference, and its order dated November 21, 2003, the court denied the motion to dismiss without prejudice to renew as a motion for summary judgment, due to the collapsing of the pre-trial scheduling order caused by the transfer of this case.

DEFENDANTS – REGIONAL SCHOOL DISTRICT 13, WILLIAM D. BRECK, SUSAN L. VICCARO and ANN RICHARDSON

By_____
Mark J. Sommaruga (ct09865)
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT 06105
Telephone: (860) 233-2141
Fax: (860)-233-0516
e-mail: msommaruga@sscc-law.com

- 15 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed via U. S. Mail, postage prepaid, to John R. Williams, Esq., Williams & Pattis, LLC, 51 Elm Street, New Haven, CT 06510, on this ____ day of January, 2004.

_____
Mark J. Sommaruga

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326