a.     Please identify each person who has knowledge to establish such facts.

**RESPONSE:**

**Nancy Earls, town resident, English Teacher on my academic team;**
**Lissa Eade, English Reading Teacher on my academic team;**
**Frank LeRose III, Team Leader and on my academic team;**
**Laurie King, Special Education Teacher/colleague;**
**Candice Brickley, CEA Union President.**

3.     Please state precisely each and every fact upon which you rely in support of your claim  that the defendants subjected you to a continuous pattern of abuse and harassment, as alleged in your complaint.

**RESPONSE:**

**My treatment was as of a substandard human being, a second class citizen; certainly not befitting the teaching profession.  I was treated very abusively and disrespectfully.  I was treated without dignity and continuously hassled about everything I did or said.  I was slandered through constant personal and professional attacks. I was the subject of intense scrutiny, surveillance and situations were set up or turned around to have it appear as though I was always at fault and that my performance was not worthy of tenure.**

a.     Please describe and identify with particularity such continuous pattern of abuse and harassment, including identifying and describing each instance of such conduct.

**Supervisors required me to have peer mediations with both Kari and Renee, mediated by my supervisors.  These were based on what Kari and Renee told them - the implication was always that I had done things to "offend" Kari and Renee and this was more documentation used against me.  See summative evaluation 06/02.**

**04/01: Ann Richardson told staff at Strong School she was going to "have her [my] head."**

**Constant disparate demands placed on me while I was trying to do my job I had to deal with constant attacks and working "round the clock", jumping through hoops and responding to continuous accusations and memos.  I received a disciplinary memo right after central office received the knowledge a lawsuit had been filed (03/05/03) and another memo dated 03/17/03, the day they were served.**

In a meeting of 10/12/02, with Sue Viccaro, she told me to "stop responding in writing to her memos." Although Sue Viccaro said it was not the standard procedure to just memo teachers, rather than talking to them about the issue, she said that with me she would just memo me and would continue to memo me. In the 01/03 memo I was told to stop responding to memos in writing.

I experienced more retaliation after the attorney sent letter to Susan Viccaro (11/12/02). It was a hostile working environment and supervisors did not stop it. Susan Viccaro told me to change certain things on certain types of my test reports that she ignored on others. Susan Viccaro had stated she needed 48 hours turnaround time for teachers to submit test reports to her for her review, there were teachers who did not submit them for Susan's review within that time frame. There were instances when Susan never said anything negative to them about their failure to do so. Even though I had submitted my report in the 48 hour time frame, Susan would comment to me that I hadn't given her enough time to review my report.

Please refer to notebooks Ann Richardson told me to keep, Susan Viccaro later told me to shred and to my timeline.

1. Timeline;
2. Memos from Susan Viccaro;
3. Notebooks;
4. Minutes of monthly meetings with Susan Viccaro and my comments in response to them;
5. Evaluations;
6. Hearing transcripts;
7. Monthly meetings with director;
8. December 2002 monthly meeting minutes, subsequent memos from it.

      b.    Please identify each person who has knowledge to support and establish such facts.

Nancy Earls, 150 Laurel Brook Road, Middlefield, CT 06455 860.349.9243;
Lissa Eade, 500 Holly Hill Drive, Rocky Hill, CT 06067, 860.721.7856;
Fark LeRose, III, P.O. Box 394, Durham, CT 06422;
Laurie King, 190 Shingle Hill Road, West Haven, CT 06516, 203.934.8654;
Melissa Cook, Psychotherapist, 203.488.3040;
Kathy Botini, Social Worker, 66 South Beechwood Road, Niantic, CT 06357, 860.739.3741;
Candace Brickley, 87 Farm Hill Road, Wallingford, CT 06492, 203.265.9867;

Anne Juncadella, School Nurse, 62 Cardinal Drive, Guilford, CT 06437, 860.457.0190.

      c.    Please describe and identify with particularity each instance where the defendants made "false accusations of trivial deficiencies [of you] as an employee," as alleged in your complaint.

Please see the memos in my file; minutes from monthly meetings; timeline. There was nothing in the reasons for my termination that said I was lacking in teacher competence or in the summative evaluation of 06/02. At the May, 2003, hearing however, defendants testified I was lacking in teaching competence. Constant meetings that I was required to attend; peers, support staff, teacher aides and secretaries were aware of these meetings - the result being I was in constant humiliation. The gossip and negative actions toward me were implying to others that I was not doing a good job, which was not true. Also, I was humiliated in the fact of my not having my contract renewed, having to go through a hearing on three separate nights, and having others know what was happening to me and gossip about it. I am humiliated in being denied tenure, after working so hard. District #13 is a small district and I am humiliated because the central office, Strong School, teachers, parents and students know I was non-renewed. I am humiliated in that I was considered trouble and disfavored by my supervisors. I feel I do not want to ever go to the town again.

I was constantly paged to the office in the morning to check my whereabouts, to see if I was in school. My authority and credibility with aides was undermined and I was humiliated in front of my peers.

Constant gossip concerning me, false statements and accusations.

The posting of the hearing dates in all the schools.

Posted my job in schools and in newspaper, Hartford *Courant*, 06/01/03 & 06/08/03 before hearing was concluded.

I was home nights and weekends trying to ensure all my work was perfect so they could not find any flaws - yet they would always zero in on a trivial or false item. I did nothing but work and sleep. The result was an unexpected memo in my school mailbox, a meeting that I would suddenly be called in to or I received hostile phone calls from Sue Viccaro, Ann Richardson or from the office staff. I had to spend so much time during the school day dealing with all the attacks and negative activity, in addition to doing my job.

d.    Please describe and identify with particularity each incident where the defendants "placed false and malicious statements" regarding you in your personnel file and "humiliated you in front of your peers," as alleged in your complaint.

**Viccaro and Richardson kept a separate, second file. There were no negative memos in my personnel file as of 03/02. Candy Brickley and I checked my file in Viccaro's office. The memos dated prior to 03/02 appeared in my personnel file in 03/03.**

e.    Please identify each person who has knowledge to support and establish such facts.

**RESPONSE:**

**Nancy Earls,**
**Lissa Eade,**
**Frank LeRose, III,**
**Laurie King,**
**Candace Brickley.**

4.    Please describe the nature of the emotional distress and upset that you have suffered, as alleged in your complaint, including but not limited to the extent that this alleged emotional distress continues to restrict or limit your activities.

**RESPONSE:**

**There is the ongoing emotional distress that I have been unfairly defamed and that my professional reputation and good name, that I had worked long and hard to establish, have been unjustly destroyed. This past and ongoing stress, coupled with the great number disparate, unreasonable, and truly outrageous demands that had been placed on me and which has absorbed most of my personal time, has interfered enormously with my daily life and has had a tremendous negative impact on my overall sense of well being. I fear that all of this excessive, unwarranted, and unfairly imposed stress may result in long term physical and emotional harm. I have distress that many people in Regional District 13 have heard that I had been non-renewed and that more rumors have circulated about me. I feel emotional distress and discomfort about the prospect of seeing anyone from the area; I did not even go to the Durham Fair this year, because of this humiliation. I am fearful that other people that I know, who are unaware of the situation, will learn of this situation; causing me further humiliation. I feel that I cannot even be seen in the District because of what has been done to my reputation. The summer months were extremely distressing because of this humiliating devastation that I felt and very stressful because as my future income and employment was uncertain. My**

summer vacation was canceled and I was forced to spend the summer in search of employment.

My ability to work in my chosen educational field has been compromised; I fear that my previous career, as I know it, as been undeservedly ended. The fact of having my contract non-renewed; especially in my tenure year, has severely limited my prospects in obtaining a teaching position. The initiation tenure phase of any teaching position has to begin all over again, and my earning and retirement potential is no longer stable or secure. I am distressed that other educators and employers will learn of my termination in District 13, and that I will be negatively impacted. I fear that this situation has had a devastating effect on my career and my ability to do the type of work I desire and to work in a desirable location.

I experienced intestinal distress, mental and physical exhaustion, fear/panic of where next attack would come from. I felt depressed and experienced sleep interruptions, lack of energy from lack of sleep. I had leg cramping, difficulty in walking, teeth breaking , in constant anxiety about job. I experienced a decrease in my social life, a negative effect on my family relations, I was always too tired and depressed causing a decline in my quality of life. The stress caused by the constant record-keeping and the hearing has had a cumulative effect on my physical health causing headaches and a flushed, feverish feeling whenever confronted with these daily situations.

5.    Please identify each doctor, therapist, counselor, practitioner, hospital or institution from which you have received treatment or by whom you have been examined for the injuries alleged in your complaint, including claims of emotional distress:

a.    Please list after each doctor or practitioner in the above answer from whom you have received treatment or by whom you have been examined the date of each examination and treatment and whether treatment has been concluded or is continuing.

RESPONSE:

None, not applicable.

6.    If you have suffered any emotional distress and/or emotional difficulties previous to that alleged in your complaint, please state the following:

a.    The nature of the previous and/or pre-existing distress and/or difficulties;

b.    What medical treatment for the prior emotional distress and/or difficulty was obtained, indicating the date of treatment, name and addresses of all doctors, hospitals and

other institutions from whom treatment was received.

     c.     If you claim a relationship between past emotional distress and/or difficulties and any present emotional distress and/or difficulties allegedly caused by the actions of the defendants, please state in what way the prior emotional distress and/or difficulties has been exacerbated by the alleged conduct of the defendant.

**RESPONSE:**

**None, not applicable.**

     7.     Please list and describe each item of monetary damages, including special damages, loss and expense which may have resulted from the allegations contained in your complaint, including but not limited to hospital and medical expenses, lost earnings and attorney's fees.

**RESPONSE:**

**Attorney fees: Attorney Rosenblatt, $850;**

**24 extra miles longer per day to commute to work, increase in gasoline, wear and tear on vehicle;**

**Double commuter time, from one half hour to one hour, more dangerous route - congested heavy traffic area on highway.**

     8.     Please describe your principal occupation(s) for the last five (5) years.

**RESPONSE:**

**Teacher, City of Hartford, Adult education.**

     9.     Please identify all witnesses, including expert witnesses, that you intend to call that would support any of the allegations in your complaint, indicating for each witness:

     a.     The allegations to which the witness will testify;

     b.     the witnesses' expected testimony;

     c.     The substance of the facts and/or opinions to which the witness is expected to testify;

     d.     An explanation as to the basis or grounds for each such opinion;

     e.     The witnesses' area of expertise (if applicable); and

     f.     Whether a curriculum vitae is available (if applicable).

**RESPONSE:**

**The following persons may be called as witnesses:**

| | |
|---|---|
| **Nancy Earls** | **Jan Wenzel** |
| **Lissa Eade** | **Ann Inzero** |
| **Candace Brickley** | **Anne Juncadella** |
| **Laurie King** | **Melissa Cook** |
| **Kathy Bottini** | **Frank LeRose, III** |

**These witnesses are expected to testify regarding their knowledge of the incidents that lead up to my non-renewal.**

10.     Please state whether any witness or party (including may party's agent or employee) made any statements, whether written or oral, concerning the events alleged in your complaint. If so, please state as to each statement:

     a.     The date and location that each statement was made;

     b.     The identity of the person by whom the statement was made;

     c.     The identity of the person presently having possession of the statement; and

     d.     The substance of each statement.

**RESPONSE:**

**Some of the above-named individuals made statements at my hearing.  Additionally, Lissa Eade left a message on my answering machine regarding the events described in my complaint.**

11.     Please set forth all facts upon which you rely to support your claims that:

     a.     Defendants should have realized that their conduct was unreasonable and

involved an unreasonable risk of causing emotional distress to you, as alleged in your complaint, and that such conduct arose during your termination; and

b.    Defendants' conduct was extreme and outrageous and carried out with the knowledge that such conduct would probably cause emotional distress to you, as alleged in your complaint.

## RESPONSE:

**Any reasonable individual would have known and should have known that behavior that results in the loss of another individual's livelihood would pose the unreasonable risk of emotional distress. This behavior did cause this response in me and continues to do so.**

## PRODUCTION REQUESTS

1.    Please provide any and all documents, including but not limited to tax returns filed with the United States Internal Revenue Service and tax returns filed with the State of Connecticut Department of Revenue, and W-2s, 1099s, check stubs or invoices, salary letters, contracts and employment agreements issued by employers, contractors or other entities that reflect income that you earned or received during the last five years, are currently earning or receiving, and/or otherwise reflects or evidences your claims that you have experienced or will experience a loss of earnings as a result of the alleged actions of the defendants.

## RESPONSE:

**Attached.**

2.    Please provide any and all documents, including but not limited to reports, opinions, prescriptions, invoices, bills, appointment slips, journals, diaries, appointment calendars, that reflect or to otherwise evidence any humiliation, pain and suffering and/or emotional distress suffered or incurred by you as the result of the alleged actions of the defendants.

## RESPONSE:

**All responsive documents in my possession are attached hereto.**

3.    Please provide the original or a copy of all medical reports and itemized doctors' bills, bills for all drugs, medicines, and other expenses and hospital bills pertaining to the examination and/or treatment of the injuries described in your answer to the above interrogatories.

**RESPONSE:**

**Not applicable.**

4.     Please provide written authorization for access to your medical reports and your hospital records for each hospital and doctor named in your answers to the above interrogatories.

**RESPONSE:**

**Not applicable.**

5.     Please provide written authorization for access to employment records for each position disclosed in response to the foregoing interrogatories, including such information with regard to payroll, attendance and medical information.

**RESPONSE:**

**Attached.**

6.   Please provide any and all documents, including but not limited to resumes, curriculum vita, application forms, letters of introduction or application, advertisements, salary letters, employment agreements and contracts that reflect or otherwise evidence your attempts to obtain employment since the time of your employment with Regional School District No. 13.

**RESPONSE:**

**All responsive documents in my possession are attached hereto.**

7.     Please provide copies of all statement of parties and non-party witnesses identified in the foregoing interrogatories.

**RESPONSE:**

**All responsive documents in my possession are attached hereto.**

8.   Please provide copies of may photograph, audio and/or videotape recordings, papers, books, documents, maps, drawings, diagrams, models, and other tangible evidence expected to be used at trial and physical objects made by you or on your behalf by any person or expert pertaining to any allegations contained in your complaint

**RESPONSE:**

**All responsive documents in my possession are attached hereto.**

      9.     Please provide copies of documentary evidence disclosed in response to may of the aforementioned interrogatories and/or reviewed or utilized in preparing responses to these interrogatories.

**RESPONSE:**

**All responsive documents in my possession are attached hereto.**

      10.     Please provide copies of any and all other documents which substantiate any claim or factual assertion which is contained in your complahat that has not already been provided in response to any of the foregoing intelTogatories or production of documents.

**RESPONSE:**

**All responsive documents in my possession are attached hereto.**

## OATH

   I hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.


_Susan Brous_
Plaintiff


Subscribed and sworn to, before me,
this _3_ day of _December_, 2003.


Notary Public
Commissioner of the Superior Court


14

# REGIONAL SCHOOL DISTRICT 13
### OFFICE OF SUPERINTENDENT

135A PICKETT LANE, P.O. BOX 190, DURHAM, CONNECTICUT 06422-0190
TELEPHONE (860) 349-7200    FAX (860) 349-7203

**WILLIAM D. BRECK, Ed.D.**
*Superintendent of Schools*

ROBERT J. GOURLEY
*Assistant to Superintendent*

May 29, 2003

# Job Posting

## *SY 2003-2004*

<u>Special Education</u>

1.0  Teacher – Middle Grades

Interested applicants are asked to send a letter of intent and resume to Susan Viccaro by June 13, 2003.

THE PLAINTIFF, SUSAN BROWN


BY _____
NORMAN A. PATTIS
Federal Bar No. ct13120
JOHN R. WILLIAMS
Federal Bar No. ct00215
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931


## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, this 5th day of December, 2003, to the following parties and counsel of record:


Attorney Mark J. Sommaruga
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT 06105


_____
NORMAN A. PATTIS

# EXHIBIT 7

Page 1

```
 1              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF CONNECTICUT
 2
 3                                        COPY
 4     -----------------------   }
                                 }
 5     SUSAN BROWN               }
            Plaintiff,           } Civil Action No.
 6                               } 3:03CV00420 (JCH)
               VS.               }
 7                               }
       REGIONAL SCHOOL           }
 8     DISTRICT 13,              }
       WILLIAM D. BRECK,         }
 9     SUSAN L. VICCARO and      }
       ANN RICHARDSON,           }
10          Defendants.          }
       -----------------------   }
11
12
13       DEPOSITION OF:  SUSAN BROWN
14       DATE:  December 1, 2003
15       HELD AT:  Sullivan, Schoen, Campane &
16                 Connon
17                 646 Prospect Avenue
18                 Hartford, CONNECTICUT
19
20
21   Reporter:  Vincent J. DeLaria, RPR, LSR #00138
22        Brandon Smith Reporting Service
23             44 Capitol Avenue
24             Hartford, CT 06106
25             Tel (860) 549-1850
```

811b5f0a-02cc-4d18-9f1b-0e14b568091d