UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BROWN, | ) | CIVIL ACTION NO |
| | ) | 3:03CV00420(MRK) |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| REGIONAL SCHOOL DISTRICT 13, | ) | |
| WILLIAM D. BRECK, | ) | |
| SUSAN L. VICCARO and | ) | |
| ANN RICHARDSON, | ) | |
| Defendants | ) | MARCH 18, 2004 |

## REPLY BRIEF RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

On January 14, 2004, the defendants moved for summary judgment. On March 8, 2004,

the plaintiff filed a memorandum in opposition to the defendants' motion to summary judgment.

Pursuant to Local Rule 7(d), the defendants herewith file the instant reply brief.

### II.    ARGUMENT

#### A.    ALL OF THE PLAINTIFF'S FIRST AMENDMENT CLAIMS IN COUNT TWO ARE LEGALLY INSUFFICIENT.

The plaintiff asserts that the defendants did not address her freedom of association

claims. *Plaintiff's Memorandum, p. 2.* The plaintiff also accuses the defendant of "mistaking"

her First Amendment claims as free speech claims. *Id., p. 22.* These statements are simply

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

incorrect.  The plaintiff raises claims of deprivation of her rights to freedom of speech, freedom

of association <u>and</u> to petition the government for the redress of grievances, all guaranteed under

the First Amendment of the U. S. Constitution.  ***Plaintiff's Complaint, Count Two, ¶14***.  Since

the right to petition the government for the redress of grievances under the First Amendment is

"an assurance of a particular freedom of expression ... [that] is 'generally subject to the same

constitutional analysis' as the right to free speech," including the "public concern"/<u>Connick</u> test;

<u>White Plains Towing Corp. v. Patterson</u>, 991 F.2d 1049, 1059 (2nd Cir. 1993); and since the

instant "freedom of association" claim is subject to the same "public concern" analysis as a pure

"free speech" claim by an employee; <u>Petrario v. Cutler</u>, 187 F. Supp. 2d 26, 32 (D.Conn. 2002);

the plaintiff's various First Amendment claims should be treated (and disposed of) collectively.

<u>Cahill v. O'Donnell</u>, 75 F.Supp.2d 264, 274 (S.D.N.Y. 1999).  As previously asserted;

***Defendants' Memorandum of Law in Support of Summary Judgment, pp. 6-7, 12***; the

plaintiff's alleged "speech" (whether pure speech, association, or "petition") concerns the

plaintiff's own employment status and touches upon a purely personal concern.  The fact that the

"speech"/conduct in question was not on a matter of public concern bars all of her First

Amendment claims, including her "freedom of association" claims.  Simply put, the plaintiff's

"speech" does not as a matter of law merit protection under the First Amendment.[1]

---

[1] The defendants are baffled by the claims of "intimate association." ***Plaintiff's Brief, p. 26***.  Regardless of how the plaintiff characterizes her First Amendment claims, they are not actionable due to the lack of "public concern."

- 2 -

The plaintiff further asserts that her speech/conduct touches upon her status as a union member and her "union activities." *Plaintiff's Brief, p. 23*. As stated above, any such activities were solely for her own benefit and thus do not touch upon a matter of public concern. Nevertheless, the fact remains that all teachers within the School District are members of a union, as per Connecticut General Statutes §10-153a et seq.; the plaintiff cannot plausibly claim that she was singled out for being a union member. The plaintiff further claims that her "bad" treatment stemmed from the exercise of free expression via her attorney's November 11, 2002 letter to the School District. *Plaintiff's Brief, pp. 27-28*. The plaintiff ignores the fact that she had previously received negative evaluations (beginning in 2000-2001) previous to any "exercise" of speech. *Attachments C-H*. These documented concerns pre-date any alleged speech and amply display legitimate-non retaliatory reasons for the defendants' actions.

### B.     THE PLAINTIFF'S EQUAL PROTECTION CLAUSE CLAIMS CONTAINED IN COUNT ONE ARE LEGALLY INSUFFICIENT.

The plaintiff must show both 1) intentional/malicious unequal treatment, and 2) a lack of a rational basis for their actions. The plaintiff had received increasingly worsening evaluations even before the alleged intercession of her attorney in November of 2002, and even had been put on notice of the possibility of non renewal. *See, e.g., Attachment C (June 2001 evaluation)*. The defendants then gave the plaintiff chances to improve. The plaintiff cannot point to any constitutionally cognizable malice; *Defendants' Memorandum of Law in Support of Summary*

- 3 -

***Judgment, pp. 15-16***; nor can the plaintiff point to any illegitimacy or irrationality of actions.

Rather, the defendants utilized the well-worn evaluation and non-renewal process. The plaintiff

never filed a grievance to challenge any of the evaluations, nor did she ever complain to

Superintendent Breck with regard to the "harassment" by defendants Viccaro and Richardson.[2]

The plaintiff tries to create conspiracy and equal protection claims based upon bald faced

accusations and hearsay. The defendants have produced affidavits from the key decision makers,

who clearly indicated that the non-renewal of the plaintiff was unrelated to her alleged exercise

of free speech rights or any alleged retaliation for the same. The defendants exercised their

professional discretion in assessing the plaintiff's entitlement to renewal of her contract of

employment. In response, the plaintiff relies upon an unaverred conclusory statements and

assumptions, i.e., that she was treated differently or held to different standards, ***and*** statements of

fellow teachers that the plaintiff was competent. ***Plaintiff's Brief, pp. 9-17***. None of these

submissions rebuts the defendants' proffer of legitimate/rational/non-retaliatory/non-malicious

reasons for their actions and the fact that the evaluation and non-renewal process was the same as

used for other teachers.[3] The plaintiff's afore-mentioned suppositions (and claims of

"backdated" documents) clearly do not rebut the sworn affidavits of the defendants; in addition,

---

[2] Indeed, nothing in the plaintiff's filing serves to provide any basis for liability for defendant Breck.
[3] The evidence relied upon by a party opposing summary judgment must be "competent evidence of a type otherwise admissible at trial;" a party may not rely upon inadmissible hearsay to oppose a motion for summary judgment. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996).

- 4 -

the affidavits are supported by the performance evaluations and documentation of performance concerns that predate any "speech" by the plaintiff that allegedly occasioned improper retaliatory activity. The plaintiff herself acknowledges the lack of an improper motive by the defendants. *Defendants' Memorandum of Law in Support of Summary Judgment, pp. 15-16.*

The mere "fact" that some of the plaintiff's teaching colleagues and staff members (but not Breck, Viccaro or Richardson) were allegedly "gossiping" about her; *Plaintiff's Brief, p. 13;* does not create an improper motive of the defendants. The "fact" that the defendants posted the opening for the plaintiff's position after the District's Board of Education had voted to non-renew the plaintiff's employment, but before the conclusion of the hearing under Conn. Gen. Stat. §10-151(c) with regard to the plaintiff's subsequent effort to get the Board to reconsider its decision to non-renew her employment, is also not probative of an improper motive. In addition, the plaintiff's claim that she was somehow treated differently in the non-renewal process; *Plaintiff's Brief, p. 31;* is undermined by her own filings; indeed, the plaintiff admits that she had a personal meeting with defendant Breck at which time he informed her of his recommendation to non-new her employment. *Plaintiff's Brief, pp. 16; Attachment O.* The plaintiff may not like the fact that she was "written up" more frequently, but as explained by defendants Viccaro and Richardson, such actions are standard operating procedure and are necessary where there are demonstrated performance concerns and there is a need to make an assessment with regard to one's acquisition of tenure rights. *Attachment H.*

- 5 -

The plaintiff was a non-tenured teacher whose employment could be non-renewed quite readily via the operation of Connecticut General Statutes §10-151(c). The non-renewal of a non-tenured teacher is a discretionary act that is not required to be for "due cause" (as with a tenured teacher), *see* <u>Shanbroom v. Orange Board of Education</u>, 1990 WL 283250, *4, 2 Conn. L. Rptr. 396 (Conn. Super. 1990); *cf.* <u>Drahan v. Regional School Dist. No. 18</u>, 42 Conn. App. 480, 498-9, 680 A.2d 316 (1996), rather, the school administration need only show that its actions were not "arbitrary and capricious." Besides the lack of motive, there was no reason for the school administration to develop this grand conspiracy to "get" the plaintiff.

## C.    THE PLAINTIFF'S INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS ARE LEGALLY INSUFFICIENT.

The plaintiff asserts that the determination as to whether the defendants' conduct was "extreme and outrageous" should be a question of fact for the jury. ***Plaintiff's Brief, p. 9***. Such an assertion is contrary to the previous holdings of this court. *See* <u>Kintner v. Nidec-Torin Corp.</u>, 662 F. Supp. 112, 114 (D. Conn. 1987), *citing* <u>Collins v. Gulf Corp.</u>, 605 F. Supp. 1519, 1522 (D. Conn. 1985). *See also* <u>DeLeon v. Little</u>, 981 F. Supp. 728, 737 (D. Conn. 1997). Furthermore, the plaintiff does not adequately rebut the clear case law set forth in the defendants' brief that displays s that conduct substantially similar to the defendants' alleged conduct does not constitute "extreme and outrageous" conduct. ***Defendants' Memorandum of Law in Support of Summary Judgment, pp. 33-35***. *See* <u>Appleton v. Stonington Board of</u>

- 6 -

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

Education, 254 Conn. 205, 211-212, 757 A.2d 1059 (2000); Petyan v. Ellis, 200 Conn. 243,

510 A.2d 1337 (1986); Hill v. Pinkerton, 977 F.Supp. 148, 160 (D.Conn. 1997). *See also* Grey

v. City of Norwalk, --- F.Supp.2d ----, 2004 WL 231171 (D.Conn., Feb 04, 2004)

     In the instant case, the plaintiff alleges that the defendants inflicted intentional emotional

distress upon her by seeking to non-renew her employment, and by harassing her by making

"false accusations of trivial deficiencies as an employee," including placing false and malicious

statements regarding her in her personnel file.  However, even allowing for an interpretation of

the allegations most favorable to the plaintiff, the alleged employment actions cannot be viewed as

"conduct exceeding all bounds usually tolerated by decent society."  The plaintiff has not alleged

facts which would allow for the court to characterize defendants' conduct as "extreme and

outrageous."  The mere fact that the plaintiff was (allegedly) improperly subject to non-renewal

from employment, and subject to false accusations/harassment, cannot be viewed as "extreme

and outrageous" conduct.  Petyan v. Ellis, *supra*; Cowen v. Federal Express Corp., *supra*;

Kintner v. Nidec-Torin Corp., *supra;* Collins v. Gulf Oil Corp., *supra*; Appleton, *supra*.

     "The mere act of firing an employee, even if wrongfully motivated, does not transgress

the bounds of socially tolerable behavior."  Parsons v. United Technologies Corp., 243 Conn. 66,

88-9, 700 A.2d 655 (1997).  As such, the motivation alleged by the plaintiff (in retaliation for

"union activities") is irrelevant to such a claim.  Furthermore, the cases cited by the plaintiff

- 7 -

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

(Plaintiff's Brief, pp. 17-20) deal with especially cruel elements, such as calling someone a "cancer," attacks on sexual preference, and threats to safety, not just a garden variety non-renewal of employment as occurred here.  Rather, the conduct alleged in the instant case, even if true, is similar to what was alleged in Petyan v. Ellis, Cowen v. Federal Express Corp., Kintner v. Nidec-Torin Corp., Collins v. Gulf Oil Corp. and Appleton.

As to the negligent infliction of emotional claims in Count Four, the plaintiff does not rebut the fact that such a claim requires sufficiently improper conduct *during the termination process.*  Perodeau v. City of Hartford, 259 Conn. 729, 751, 792 A.2d 752 (2002).  (Emphasis added).  The termination must be accompanied by additional unreasonable conduct in the manner of termination to support a claim for negligent infliction of emotional distress.  Hill v. Pinkerton Security & Investigation Services, 977 F.Supp. at 159; Parsons v. United Technologies Corp., 243 Conn. at 88, 700 A.2d 655.  In light of Perodeau, any *pre-termination* conduct (i.e., harassment, different treatment in the workplace) is clearly not actionable under the tort of negligent infliction of emotional distress.  Assuming that the conduct of utilizing the non-renewal process with regard to the future employment of a non-tenured teacher is even viewed as conduct occurring "during the termination process," the alleged conduct still does not come even close to setting forth an actionable claim of negligent infliction of emotional distress.  The tort of negligent infliction of emotional distress requires "particularly egregious conduct involving a termination."  Perodeau v. City of Hartford, 259 Conn. at 755, 792 A.2d 752.  Here, we do not

- 8 -

have a unique dismissal, with particularly egregious conduct, but rather a typical non-renewal of a non-tenured teacher. The process provided under Conn. Gen. Stat. §10-151 was followed; the plaintiff had a meeting with Breck (in private) where she was notified of his recommendation that her employment be non-renewed; the Board of Education took action based upon the non-renewal recommendation; a non renewal hearing ensued. This course of action is not even atypical, nor is it "extreme and outrageous"/"particular egregious" conduct.

## III.    **CONCLUSION**

For the foregoing reasons and the reasons provided in the defendants' January 14, 2004 memorandum of law, this court should grant the defendants' Motion for Summary Judgment.

> DEFENDANTS – REGIONAL SCHOOL DISTRICT 13,
> WILLIAM D. BRECK, SUSAN L. VICCARO and
> ANN RICHARDSON
>
> By_____
> Mark J. Sommaruga (ct09865)
> Sullivan, Schoen, Campane & Connon, LLC
> 646 Prospect Avenue
> Hartford, CT 06105
> Telephone: (860) 233-2141
> Fax: (860)-233-0516
> e-mail: msommaruga@sscc-law.com

- 9 -

## C E R T I F I C A T I O N

This is to certify that a copy of the foregoing has been mailed via U. S. Mail, postage prepaid, to John R. Williams, Esq., Williams & Pattis, LLC, 51 Elm Street, New Haven, CT 06510, on this 18th day of March, 2004.

_____
Mark J. Sommaruga

- 10 -

LAW OFFICES  •  **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC**  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO.  62326